## M. F. Diesel, Defendant in Error, v. G. J. Diesel, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

### Statement of the Case.

Action by M. F. Diesel, plaintiff, against G. J. Diesel, defendant, to recover damages for the alienation of affections of the plaintiff's wife. To review a judgment for plaintiff for $3,500, defendant prosecutes a writ of error.

WILLIAM H. PFINGSTEN and C. H. G. HEINFELDEN, for plaintiff in error.

SCHAUMLEFFEL & JOHNSON, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. HUSBAND AND WIFE, § 280*—*when decree of divorce is admissible in action for alienation of affections.* In an action for the alienation of affections of the plaintiff's wife where one defense was that the plaintiff had by his cruelty and abuse alienated his wife's affections and that such alienation was not caused by the actions of defendant, *held* that a decree granting a divorce to the plaintiff's wife containing a finding that the plaintiff had been guilty of extreme and repeated cruelty towards his wife was admissible.

2. HUSBAND AND WIFE—*when instruction in action for alienation of affections of wife is erroneous.* In an action for the alienation of affections of plaintiff's wife, an instruction that "The jury are instructed that if you find for the plaintiff, in estimating the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injury he has sustained, you have a right to take into consideration the wounded feelings and affections of the husband, if any, the wrong done to him in his domestic and social relations, if any, the stain and dishonor he has sustained, if any, the grief and affliction suffered in consequence of the act complained of, if any, and give damages accordingly," *held* erroneous as not confining the jury to the evidence.

## Village of New Athens, Appellee, v. William Casperson, Appellant.

MUNICIPAL CORPORATIONS, § 860*—*what is nature of prosecution under ordinance to recover fine for indecent exposure.* A prosecution under a village ordinance to recover a fine for indecent exposure, *held* to be a civil action, and that consequently a judgment imposing a penalty entered on the return of a verdict simply that the jury found the defendant was guilty, without fixing the penalty, was erroneous, as only the jury can fix the penalty in such a case.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

A. B. DAVIS, for appellant.

OTWELL & LINDAUER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellant was arrested and prosecuted under a village ordinance, by appellee, for indecent exposure of his person in a public place. He was tried before a justice of the peace, who found him guilty of the offense and assessed a fine of ten dollars and costs. On an appeal to the Circuit Court, a trial was had by jury and the jury were instructed by the court, if they found

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.